## Indian Mountain Lake Civic Association, Inc. v. Davidson

*William H. Robinson, Jr.*, of *Hiscott ánd Robinson*, for plaintiff.

*Michael L. Ozalas*, of *Nanovic and McKinley*, for defendants.

LAVELLE, *P.J.*, May 25, 1978—In this equity action, a civic association is seeking to enforce certain restrictive covenants contained in a lot owner's deed. Restriction No. 9, requiring approval by the seller prior to any construction on the lot, provides as follows:

"No building or structure, including water system and sewage disposal system shall be erected upon the premises hereby conveyed without first obtaining the approval, in writing, of the Seller, as to location, elevation, plan and design. The Seller shall approve or disapprove the said location, elevation, plan and design within 15 days after the same have been submitted."

Covenant No. 1 in the deed seeks to restrict the type of building which may be constructed in the development and provides as follows:

"The premises hereby conveyed shall be used for residential purposes only. No building shall be erected, altered, placed or permitted to remain on the premises hereby to be conveyed other than one detached single-family dwelling, not to exceed one and one half stories in height, and a private garage for not more than two cars. The residential building, exclusive of garage, shall have a minimum floor space of 528 feet."

In its complaint, plaintiff seeks to enjoin defendants from constructing a two-story residence in violation of these covenants.

The matter comes before us on preliminary objections of defendant Pleasant Valley Builders, Inc.

These objections raise a question of defective service of the complaint and a demurrer based on alleged lack of standing of plaintiff to enforce the covenants. Since the filing of the preliminary objections, the complaint, has been re-served upon defendant. Therefore, the only question before us is the demurrer.

## DISCUSSION

This court was presented with a similar question in Holiday Pocono Civic Association, Inc. v. Benick, 7 D. & C. 3d 378 (1978). Benick involved an action by a property owners' association to enforce against a lot owner an affirmative covenant in the latter's deed to pay dues and assessments. In that case, plaintiff association held legal title to all of the roads in the development, as well as various other public facilities and amenities which were maintained for the use and enjoyment of the residents. In addition, the association's by-laws, which were made a part of the record, provided that all lot owners were automatically members of the association. In addition, a power of attorney had been executed by the developer, the original beneficiary of the deed restrictions, delegating to the association all of the developer's rights to enforce said restrictions, conditions and covenants, including that relating to payment of dues and assessments. We held in that case that plaintiff was the real party in interest pursuant to Pa.R.C.P. 2002(a) and had standing to bring an action to enforce the covenants.

The facts presented in the instant action, however, differ materially in several important respects from those which controlled in Benick. No assignment by the developer to plaintiff association of the former's rights of enforcement under the deed restrictions has been pleaded in the complaint filed

herein. At the time of oral argument counsel for plaintiff conceded to the court that no such assignments exists. Plaintiff association owns no land or facilities in the development, and hence there is no land to which the benefit of such covenants may attach. Further, it appears clear to us that the covenants which plaintiff seeks to enforce were intended to inure solely to the benefit of the developer and not to any third party.

In its brief, plaintiff relies primarily upon the decisions of the New York and Illinois courts in Neponsit Property Owners' Associaton v. Emigrant Industrial Savings Bank, 278 N.Y. 248, 15 N.E. 2d 793 (1938), and Merrionette Manor Homes Improvement Association v. Heda, 11 Ill. App. 2d 186, 136 N.E. 2d 556 (1956). Neponsit, like Benick, involved an action to enforce a covenant to pay dues and assessments, and, as in Benick, there was an express assignment of the benefit of the covenants from the developer, the original beneficiary, to the association. The association in Neponsit, like plaintiff herein, owned no roads or other common facilities in the development. In the words of the New York court, "It is created solely to act as the assignee of the benefit of the covenant, and it has no interest of its own in the enforcement of the covenant." 278 N.Y. at 260, 15 N.E. 2d at 797. In Merrionette, the appellate court of Illinois sustained the standing of the plaintiff to bring suit to enforce a covenant restricting construction of a vestibule. The covenant in question specifically provided that in the event of the formation of a property owners' association whose purpose "shall specifically include the control of all properties in the area with respect to conformance," the developer could, at its option, assign the right to enforce the covenants to the property owners' association.

Such an association was, in fact, formed and the developer executed a written assignment of the benefits and right of enforcement of the covenants to the association.

The fact that both Neponsit and Merrionette involved an express assignment or delegation by the developer, the original covenantee, to enforce the restrictive covenants contained in the deed is sufficient to distinguish those cases from the facts presented herein. Moreover, a review of the covenants involved herein convinces us that while the original parties to the deed contemplated that a property owners' association would be formed and that lot owners could be obliged to pay dues and assessments in accordance with said association's by-laws, there is nothing contained in the restrictions which suggest that the parties contemplated that the association would become the general beneficiary of the other covenants and restrictions.

It does not appear to us that plaintiff is the party who can control the within action and who has the right to discharge the obligations sought to be enforced herein: Smiler v. Toll, 373 Pa. 127, 94 A. 2d 764 (1953). On the basis of the facts before us, we hold plaintiff does not have standing to enforce the deed restrictions and is not the real party in interest pursuant to Pa.R.C.P. 2002(a).

We therefore enter the following

## ORDER

And now, May 25, 1978, defendants' preliminary objections in the form of a demurrer are hereby sustained and plaintiff's complaint is hereby dismissed.